# EXHIBIT 1

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

| | |
|---|---|
| JACOB LETTS and ALEKS LETTS, husband and wife, individually and on behalf of their marital community; [redacted], a minor, by and through his co-guardians ad litem, Jacob Letts and Aleks Letts; and [redacted], a minor, by and through her co-guardians ad litem, Jacob Letts and Aleks Letts<br><br>Plaintiffs,<br><br>vs.<br><br>WASHINGTON CVS PHARMACY, L.L.C., a Washington State limited liability company; CVS PHARMACY, INC. a foreign for-profit corporation; CVS HEALTH CORPORATION, a foreign, for-profit corporation; CVS CARE CONCIERGE, L.L.C., a foreign limited liability company; CVS CAREMARK ADVANCED TECHNOLOGY PHARMACY, L.L.C., a foreign limited liability company; and John and/or Jane Does 1 through 10,<br><br>Defendants. | NO.<br><br>**COMPLAINT FOR DAMAGES** |

COME NOW the above-named plaintiffs, by and through their attorneys of record, Todd W. Gardner, Peter E. Meyers, Dylan R. Cohon and the law firm of Swanson Gardner Meyers Cohon PLLC, and complain and allege against the above-named defendants as



SWANSON GARDNER MEYERS P.L.L.C.
4512 TALBOT ROAD SOUTH
RENTON, WASHINGTON 98055
T: 425.226.7920 F: 425.226.5168

follows:

## I. PARTIES, JURISDICTION AND VENUE

1.1 Plaintiffs Jacob and Aleks Letts are a married couple residing in King County, Washington along with their two minor children, [redacted] and [redacted]

1.2 Plaintiff [redacted] (born [redacted]) is the minor the child of Jacob and Aleks Letts and resides with his parents in King County, Washington. Co-guardians ad litem Jacob and Aleks Letts bring this action on behalf of [redacted].

1.3 Plaintiff [redacted] (born [redacted]) is the minor the child of Jacob and Aleks Letts and resides with her parents in King County, Washington. Co-guardians ad litem Jacob and Aleks Letts bring this action on behalf of [redacted].

1.4 At all times material hereto, defendant **Washington CVS Corporation** was a Washington state limited liability company that provides pharmacy services and/or owns and operates a retail pharmacy chain and retail pharmacy stores in the State of Washington, including but not limited to the CVS Pharmacy in Burien, King County, Washington located at 117 SW 150th Street, Burien, Washington 98166. At all times material hereto said defendant conducted business in King County, Washington.

1.5 At all times material hereto, defendant **CVS Pharmacy, Inc.** was a foreign for-profit corporation headquartered in Woonsocket, Rhode Island that provides pharmacy services and/or owns and operates a retail pharmacy chain and retail pharmacy stores in the State of Washington, including but not limited to the CVS Pharmacy in Burien, King County, Washington located at 117 SW 150th Street, Burien, Washington 98166. At all times material hereto said defendant conducted business in King County, Washington. Said defendant owns, in whole or in part, and/or manages and directs some or all of the other defendants named herein.



SWANSON GARDNER MEYERS P.L.L.C.
4512 TALBOT ROAD SOUTH
RENTON, WASHINGTON 98055
T: 425.226.7920 F: 425.226.5168

1.6 At all times material hereto, defendant **CVS Health Corporation** was a foreign for-profit corporation headquartered in Woonsocket, Rhode Island that provides pharmacy services and/or owns and operates a retail pharmacy chain and retail pharmacy stores in the State of Washington, including but not limited to the CVS Pharmacy in Burien, King County, Washington located at 117 SW 150th Street, Burien, Washington 98166. At all times material hereto said defendant conducted business in King County, Washington. Said defendant owns, in whole or in part, and/or manages and directs some or all of the other defendants named herein.

1.7 At all times material hereto, defendant **CVS Care Concierge, L.L.C.** was a foreign limited liability company headquartered in Woonsocket, Rhode Island that provides pharmacy services and/or owns and operates a retail pharmacy chain and retail pharmacy stores in the State of Washington, including but not limited to the CVS Pharmacy in Burien, King County, Washington located at 117 SW 150th Street, Burien, Washington 98166. At all times material hereto said defendant conducted business in King County, Washington. Said defendant owns, in whole or in part, and/or manages and directs some or all of the other defendants named herein.

1.8 At all times material hereto, defendant **CVS Caremark Advanced Technology, L.L.C.** was a foreign limited liability company headquartered in Woonsocket, Rhode Island that provides pharmacy services and/or owns and operates a retail pharmacy chain and retail pharmacy stores in the State of Washington, including but not limited to the CVS Pharmacy in Burien, King County, Washington located at 117 SW 150th Street, Burien, Washington 98166. At all times material hereto said defendant conducted business in King County, Washington. Said defendant owns, in whole or in part, and/or manages and directs some or all of the other defendants named herein.



**SWANSON GARDNER MEYERS P.L.L.C.**
4512 TALBOT ROAD SOUTH
RENTON, WASHINGTON 98055
T: 425.226.7920 F: 425.226.5168

1.9 The above defendants will be referenced herein as "CVS," the "CVS defendants" and/or "defendants."

1.10 Defendants John and/or Jane Does 1 through 10 are other health care providers, pharmacies, pharmacists, persons, or entities whose negligence contributed to injuries and damages suffered by the plaintiffs in this matter, but whose identities are not currently known to the plaintiffs despite reasonable investigation. Plaintiffs refer to said providers, persons, or entities herein as "John Does" and/or "Jane Does" until they can be identified through discovery. This includes, but is not limited to, entities who may be vicariously liable to plaintiffs pursuant to *respondeat superior*, persons who may have been ostensible agents of defendants, and/or independent contractors.

## II. JURISDICTION AND VENUE

2.1. Plaintiffs re-allege and incorporate by reference all preceding paragraphs herein.

2.2 The above-entitled court has jurisdiction over the parties and subject matter of this action.

2.3 Venue is proper in King County, Washington.

## III. ARBITRATION

3.1. Plaintiffs re-allege and incorporate by reference all preceding paragraphs herein.

3.2 Plaintiffs have been provided with a complete copy of RCW 7.70A, Arbitration of Health Care Actions, and have elected to decline Arbitration.

3.3 Declarations executed by the plaintiffs declining Arbitration will be filed under the cause number assigned to this litigation.

## IV. FACTS

4.1. Plaintiffs re-allege and incorporate by reference all preceding paragraphs herein.



**SWANSON GARDNER MEYERS P.L.L.C.**
4512 TALBOT ROAD SOUTH
RENTON, WASHINGTON 98055
T: 425.226.7920 F: 425.226.5168

4.2 On or about March 29, 2021, plaintiff Jacob Letts went to his regular pharmacy, CVS Pharmacy in Burien, King County, Washington located at 117 SW 150th Street, Burien, Washington 98166, to refill his prescription for Synthroid, a commonly prescribed medication. Defendants own, operate and/or manage said pharmacy.

4.3 On information and belief the prescription was legible.

4.4 Defendants negligently refilled Jacob Letts' Synthroid prescription with low-dose aspirin, which he began taking on May 12, 2021, after he had used up his prior prescription.

4.4 Plaintiff Jacob Letts left the pharmacy without knowing that he had been given a low dose aspirin instead of his prescribed medication.

4.5 When Jacob and Aleks first discovered the medication error on July 1, 2021, fifty days after being off of his Synthroid, they both immediately drove to the CVS pharmacy and advised CVS about the medication error. The pharmacist they spoke with, Gilbert (with a French pronunciation "Jil-Behr"), confirmed that it was most likely a low-dose aspirin that Jacob had received and apologized, adding that Jacob "does not look well."

4.6 The CVS pharmacist immediately refilled Jacob's Synthroid medication at no charge. Gilbert also entered everything into the computer and said he filed an Incident Report. He said he sent a note to the pharmacy manager, but she was on vacation (it was a long holiday weekend for 4th of July). They asked to have her call them, but she never did. They also were never provided the Incident Report, despite their request.

4.7 Below is a true and accurate photo of the bottle labeled as containing Jacob Letts' Synthroid medication he received on March 29, 2021 as described herein.



SWANSON GARDNER MEYERS P.L.L.C.
4512 TALBOT ROAD SOUTH
RENTON, WASHINGTON 98055
T: 425.226.7920 F: 425.226.5168




4.8 The plaintiffs suffered physical and emotional injuries as a direct and proximate result of the defendants' medical negligence.

## V. CAUSES OF ACTION

5.1 **Medical Negligence.** The defendants and/or their respective employees and/or agents were negligent and violated the standard of reasonably prudent health care under RCW 7.70. Defendants had a duty to Jacob Letts to perform their job according to an acceptable and reasonable standard of care by filling and dispensing prescriptions correctly.

5.2. **Informed Consent.** The defendants and/or their respective employees and/or agents were negligent and breached their duty to Jacob Letts by performing their job below the accepted standard of care for qualified pharmacists and thereby caused harm to the Plaintiffs.

5.3 **Negligent Hiring and Negligent Supervision.** RCW 18.130.180 (14). Failure to adequately supervise or oversee auxiliary staff, whether employees or contractors, to the extent that consumers may be harmed or damaged is per se unprofessional conduct for licensed professionals in Washington State. Failing to adequately supervise auxiliary staff is not only negligent, but a violation of the law because there is a presumption of a foreseeable risk of harm to the public if professional pharmacists are not adequately supervised.



SWANSON GARDNER MEYERS P.L.L.C.
4512 TALBOT ROAD SOUTH
RENTON, WASHINGTON 98055
T: 425.226.7920 F: 425.226.5168

5.4 **Corporate Negligence.** The defendants are liable under the Doctrine of Corporate Negligence. The plaintiffs suffered injuries and damages as a direct and proximate result of the defendants' negligence.

5.5 **Respondeat Superior.** Defendants are responsible for the acts of its agents under the doctrine of *respondeat superior* and is liable for the acts of their pharmacists as they were acting within the scope of their employment for the benefit of defendants.

5.6 **Violation of the Consumer Protection Act, RCW 19.86.020.** Defendants engaged in unfair or deceptive acts and/or practices, in trade or commerce, that impacted and continues to impact the public interest, which was a direct and proximate cause of injury to plaintiffs, including injury to plaintiffs' business and/or property. As a direct and proximate result of defendants' acts, omissions, and violation of the Washington Consumer Protection Act as described herein, plaintiffs suffered economic damages in an amount to be proven at trial.

## VI. JOINT AND SEVERAL LIABILITY

6.1 Plaintiffs re-allege and incorporate by reference all preceding paragraphs herein.

6.2 Defendants are jointly and severally liable for all of the injuries and damages suffered by the plaintiffs.

## VII. DAMAGES

7.1. As a direct and proximate cause of the acts and omissions alleged herein, plaintiff Jacot Letts has suffered injuries, both mental and physical, including past, present, and future pain and suffering, mental anguish, and physical and emotional distress.

7.2. As a direct and proximate cause of the acts and omissions alleged herein, plaintiff Aleks Letts suffered loss of consortium.



SWANSON GARDNER MEYERS P.L.L.C.
4512 TALBOT ROAD SOUTH
RENTON, WASHINGTON 98055
T: 425.226.7920 F: 425.226.5168

7.3 As a direct and proximate cause of the acts and omissions alleged herein, minor plaintiffs [redacted] and [redacted] suffered loss of consortium.

7.7 Plaintiffs have sustained both economic and non-economic damages, as provided by Washington law.

7.8 Plaintiffs are seeking all compensable damages permitted by applicable law, in an amount that will be proven at trial.

## VIII. PRAYER FOR RELIEF

COME NOW the plaintiffs and pray for relief against the defendants, jointly and severally, as follows:

8.1 For economic and non-economic damages in an amount be proven at trial;

8.2 For reasonable costs and fees incurred herein; and

8.3 For such further relief as the Court deems just and equitable.

DATED: 2/7/2024

SWANSON GARDNER MEYERS, P.L.L.C.

By__________________________
TODD W. GARDNER, WSBA #11034
PETER E. MEYERS, WSBA #23438
DYLAN R. COHON, WSBA #41790



SWANSON GARDNER MEYERS P.L.L.C.
4512 TALBOT ROAD SOUTH
RENTON, WASHINGTON 98055
T: 425.226.7920 F: 425.226.5168